UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ANNETTE ALI,

                             Petitioner,              **MEMORANDUM & ORDER**
                                                      13-MC-0342 (MKB)

                v.

UNITED STATES OF AMERICA,

                             Respondent.

---------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Petitioner Annette Ali, appearing *pro se*, moved to seal and/or expunge her criminal

record pursuant to Rule 15 of the Federal Rules of Civil Procedure.[1]  Respondent United States

of America opposed the Motion to Expunge Petitioner's criminal record.  For the reasons set

forth below, Petitioner's motion is denied.

## I.  Background

      On May 15, 1997, Petitioner was arrested and charged in a complaint for her alleged

violation of 18 U.S.C. § 1324(a)(1)(A)(iv).  *See United States v. Ali*, No. 97-MJ-751 (E.D.N.Y.)

(Docket Entry No. 1).  According to the complaint, Petitioner's arrest arose out of a federal

investigation into alien smuggling from Guyana.  *Id.*  On August 26, 1997, upon the

---

[1]  Motions to seal or expunge criminal records apply the same stringent standard.  *See*
*Fernandez v. United States*, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *1 n.2
(E.D.N.Y. July 24, 2009).  The terms have been used interchangeably when a request to seal or
expunge is made.  *See, e.g.*, *Peters v. United States*, 13-MC-103, 2013 WL 3280880, at *1 & n.1
(E.D.N.Y. June 27, 2013); *Fernandez*, 2009 WL 2227140, at *1.  Additionally, courts have
recognized that when a petitioner requests expungement, he or she is essentially asking the court
to destroy or seal the records of the conviction.  *United States v. Rowlands*, 451 F.3d 173, 176
(3d Cir. 2006) (citing *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004)).

government's motion, Magistrate Judge John L. Caden dismissed the complaint against

Petitioner without prejudice.  *See id.* (Docket Entry No. 10).

On April 23, 2013, Petitioner moved to seal or expunge her criminal record.  In her

affidavit in support of her motion, Petitioner states that she seeks the relief because she has

"come a long way from this alleged accusation" and looking at her fingerprints "makes [her]

sick" and "lowers [her] self[-]esteem."  (Pet'r. Aff. at 1.)

## II.  Discussion

The Attorney General is required to acquire and retain criminal identification records.  28

U.S.C. § 534(a).  No federal statute provides for the expungement of an arrest record but a

district court using its inherent equitable powers may order expungement of arrest records.

*United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977); *see also Moss v. United States*,

No. 09-MC-495, 2011 WL 1706548, at *1 (E.D.N.Y. May 4, 2011) (citing *Schnitzer*, 567 F.2d

at 539).  However, expungement should not be granted routinely after the dismissal of charges,

but should be reserved for extreme circumstances.  *See Peters v. United States*, No. 13-MC-103,

2013 WL 3280880, at *1 (E.D.N.Y. June 27, 2013) ("relief usually is granted only in 'extreme

circumstances'" (quoting *Schnitzer*, 567 F.2d at 539 (internal quotation marks omitted)));

*Manoharan v. United States*, No. 12-MC-68, 2012 WL 2872631, at *2 (E.D.N.Y. July 12, 2012)

("It is also noteworthy that courts typically deny motions to expunge even the arrest records of

those not convicted of any crime . . . ."); *In re Farkas*, 783 F. Supp. 102, 103–04 (E.D.N.Y.

1992) ("relief is not to be given freely, but should instead be granted 'only in extreme

circumstances'" (quoting *Schnitzer*, 567 F.2d at 539 (internal quotation marks omitted))); *United

States v. Sherman*, 782 F. Supp. 866, 868 (S.D.N.Y. 1991) ("[C]ourts have rarely granted

motions to expunge arrest records, let alone conviction records.  This is true even where the

arrests at issue resulted in acquittals or even dismissal of the charges.").  "Examples of such

extreme circumstances that may warrant expungement include: (1) mass arrests conducted under procedures that rendered judicial determination of probable cause impossible; (2) arrests made with the sole purpose of harassing civil rights workers; (3) police misuse of police records to the detriment of the defendant; and (4) arrests based on a statute later declared unconstitutional." *Moss*, 2011 WL 1706548, at *2 (citation and internal quotation marks omitted); *see also Farkas*, 783 F. Supp. at 103.

In applying this stringent standard, courts must balance the individual's interest in avoiding the harm a criminal record may cause against the government's interest in maintaining criminal identification records for effective law enforcement. *See, e.g.*, *Moss*, 2011 WL 1706548, at *1; *Holmes v. United States*, No. 1999-MC-0106, 2005 WL 1320149, at *2 (E.D.N.Y. June 2, 2005) (denying relief because the petitioner's claimed hardships did not rise to an extraordinary level and as such did not outweigh the government's interest). Courts have recognized that "[e]ven if no direct economic loss is involved, the injury to an individual's reputation may be substantial. . . . Opportunities for schooling, employment, or professional licenses may be restricted or nonexistent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration . . . ." *Schnitzer*, 567 F.2d at 539 (quoting *Menard v. Mitchell*, 430 F.2d 486, 490 (D.C. Cir. 1970)); *see also Moss*, 2011 WL 1706548, at *2; *Fernandez v. United States*, Nos. 09-MC-326, 98-CR-902, 2009 WL 2227140, at *2 (E.D.N.Y. July 24, 2009). Courts have nevertheless regularly refused to grant expungement even where such injury exists, absent evidence of extreme circumstances. *See Peters*, 2013 WL 3280880, at *2 (citing cases denying expungement based on loss of financial or employment opportunities); *see also Moss*, 2011 WL 1706548, at *2; *Fernandez*, 2009 WL 2227140, at *2 (citing cases denying expungement based on negative employment consequences). "Thus, [c]ourts generally

3

reserve the power of expungement for the extreme circumstances when an arrest or conviction is invalidated by government error or misconduct and the defendant's innocence is presumed." *Moss*, 2011 WL 1706548, at *2 (citation and internal quotation marks omitted).

Even where individuals have lived law-abiding lives after their arrests, courts require that they demonstrate extraordinary circumstances or imminent harm as a result of the arrest records in order to obtain an expungement of their records. *See, e.g., United States v. Doe*, 935 F. Supp. 478, 479–81 (S.D.N.Y. 1996) (granting relief due to petitioner's otherwise clean record, sustained employment, evidence that the 20-year-old set-aside conviction had hurt his actual job prospects, and "most important," that the petitioner was convicted under the Youth Corrections Act, since repealed, and his conviction had been set aside pursuant to a provision intended to relieve youthful offenders of the disabilities of a criminal conviction and give them a second chance free of a record tainted by the conviction, and the set aside would be meaningless absent expunction); *United States v. Doe*, 36 F. Supp. 2d 143, 143-44 (S.D.N.Y. 1999) (denying relief to petitioner who pleaded guilty to a conspiracy charge more than twenty years ago and was sentenced under the Youth Corrections Act because his conviction, though set-aside, involved a conspiracy that put lives in danger); *Farkas*, 783 F. Supp. at 104 (finding that the possibility of having to explain an arrest record nearly two decades old was not a unique or harsh enough situation to warrant expungement).

In balancing the equities in this case, Petitioner's claimed emotional distress does not outweigh the government's interest in keeping records such that expungement of her criminal record would be warranted. Petitioner states that looking at her fingerprints makes her sick and lowers her self-esteem. (*See* Pet'r. Aff. at 1.) This does not amount to an extreme or harsh circumstance. Nor has Petitioner cited to *any* hardship to justify expungement. Petitioner does

not argue that her arrest record has had any impact on her job prospects or that it has caused her any financial or economic injury.  Petitioner argues only that it has taken an emotional toll on her self-esteem.  Petitioner does note that she has "come a long way from this alleged accusation" but does not further explain this statement.[2]  (*See id.* at 1.)  The Court finds that Petitioner has failed to provide a sufficient basis for expungement.

      Petitioner's motion is denied.

                      SO ORDERED:

                                  _____
                                    S/ MKB
                              MARGO K. BRODIE
                              United States District Judge

Dated: August 9, 2013
       Brooklyn, New York

---

[2]  To the extent Petitioner is asserting her innocence based on the government's dismissal of the charges, that claim is without merit.  *See Peters*, 2013 WL 3280880, at *2–3 ("The government's express concession of an individual's innocence, however, if coupled with hardship, can warrant the expunging of an arrest record when charges have been dismissed." (citing *United States v. Van Wagner*, 746 F.Supp. 619, 621–22 (E.D.Va. 1990))).  Since Petitioner has failed to show hardship and the government does not concede her innocence, Petitioner is not entitled to expungement.  (Resp. Opp'n at 3.)